OLIVER R. FOUND, Landlord, Respondent, *v.* IDA M. HARRIS, Tenant, Appellant.

County Court, Rensselaer County, October 27, 1947.

*Peter Conlin* for appellant.

*Arthur Rosenthal* for respondent.

HAMM, J. This is an appeal from the judgment of the City Court of Rensselaer granting to the landlord a final order of eviction against the tenant.

Before July 1st of this year a landlord seeking to evict a tenant was required to obtain a certificate from the Office of Price Administration (Rent Regulation for Housing, § 6,

subd. [b], par. [1]). Before instituting proceedings for eviction he was required further to wait until the time limitation of six months required by law and appearing in the certificate had expired. A new law effective July 1, 1947 (Federal Housing and Rent Act of 1947 [U. S. Code, tit. 50, Appendix, § 1891 *et seq.*]) abolished the requirement of obtaining a certificate from the Office of Price Administration and permitted the landlord to institute a proceeding for eviction after merely giving such notice as might be required by the laws of the State of New York.

In the present case the landlord obtained a certificate in May, 1947, permitting him to institute an action to remove the tenant on November 5, 1947. However, after July 1st when the new law dispensing with the necessity of a certificate became effective, he abandoned the Office of Price Administration certificate and instituted a proceeding under the new law. Notice to vacate was served after the first of July. The tenant concedes that the landlord would have the right to possession if he had not obtained a certificate prior to July 1st, but contends that, having obtained such a certificate, he is precluded from proceeding at once under the provisions of the law effective July 1st as he otherwise might have done.

Even if action had been commenced prior to July 1st, the landlord could have abandoned it on payment of costs and could have instituted a new proceeding under the new law. Since this is so, there seems to be no basis for holding that he is precluded from bringing proceedings under the new law by mere reason of the issuance of a certificate under the old law.

To so hold would require the landlord to institute an action based on the certificate granted under the old law, to appear in court, to pay costs, on payment of costs to discontinue, and then to institute proceedings under the new law. Such an anomalous result would seem to be neither the intent of the Congress nor the end to be served by the statute as viewed by the judges.

The final order is affirmed on the law.